IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

---

**NAJIA RAHMANI,** *et al.*
**Plaintiffs,**

v.                                                                  Case No. 1:23-CV-00373-CMH-LRV

**STANLEY P. DULL,** *et al.*
**Defendants.**

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LIMA ONE CAPITAL, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant Lima One Capital, LLC ("Defendant" or "Lima One") respectfully requests that the Complaint filed by Najia Rahmani in her own capacity and on behalf of her son, Walid Khalil Rahmani ("Plaintiffs") be dismissed pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Lima Capital is one of nineteen defendants against whom Plaintiffs have attempted to file suit in what appears to be a demand for release of her son who is being "held hostage" in a nursing home and $20 million in damages. This Complaint should be dismissed because this Court does not have jurisdiction over Defendant. Not only have Plaintiffs failed to serve Lima One properly, they have also failed to state a claim upon which relief may be granted or established subject matter jurisdiction. Indeed, nowhere in the complaint is there a single allegation against Lima One (other than the generic statement that "all defendants lied") or any statements about what, exactly, Lima One did to warrant the filing of the Complaint or the $20 million demand for damages. Thus, for the reasons set forth below, Lima One respectfully requests that the Complaint be dismissed.[1]

---

[1] Defendant Lima Capital One, LLC received the complaint and unsigned summons in the mail in March but because the summons was unsigned, Defendant did not believe the Complaint had

I.      **Plaintiffs have Failed to Properly Serve Defendant**

Federal Rule of Civil Procedure 12(b)(5) provides that a Court may dismiss a claim for insufficiency of service of process because a signed summons provides a basis for the Court to exercise personal jurisdiction over a defendant. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–445, 66 S.Ct. 242, 245–246, 90 L.Ed. 185 (1946). The requirements for service of process are set forth in Federal Rule of Civil Procedure 4(h), which provides that a corporation, association, or partnership must be served "(A) In the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." And Rule 4(a) sets forth the requirements for a summons, which include, among other things, that the summons must be signed by the clerk and bear the court's seal. *See* Fed. R. Civ. P. 4(a)(1)(F) and (G).

Here, Plaintiffs served the complaint via first class, certified mail, but failed to include a signed summons issued by the Clerk of the Clerk as required under Federal Rule of Civil

---

been filed. On or about March 25, 2023, the company searched PACER but could not find the instant case. Defendant only became aware of the filing of the Complaint when another party informed it, which prompted Defendant to reach out to outside counsel last week. In the interim between discovering the Complaint was filed and the filing of this Motion to Dismiss, on May 22, 2023, Plaintiffs moved for a default judgment against all defendants, including Lima One, but as set forth herein, this Court does not have jurisdiction over Lima One based on the Complaint filed. Before default judgment may be entered against a defendant, "service of process must be effective under the Federal Rules of Civil Procedure." *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). This is because "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

Procedure 4(a)(1)(F) and (G). *See* Exhibit A. Accordingly, Plaintiffs have failed to effectively serve process on the Defendant and to date have not shown good cause for their failure to timely serve the Defendant. Indeed, the procedural requirements of service of process must be satisfied in accordance with the Rules and *pro se* status is insufficient to justify mistake, inaction, or delay. *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Hansan v. Fairfax County Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) (holding that acting *pro se* is not an excuse to effective service of process and is insufficient to establish good cause).

Thus, by failing to include a signed summons, Plaintiff failed to establish one of the necessary bases for exercising personal jurisdiction over Defendant. *See, e.g., Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Precision Control Sys. of Indianapolis, Inc.*, No. 1:14-cv-00642 GBL, 2015 WL 138174 (E.D. Va. Jan. 8, 2015) ("When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant."). *See also Gilberti v. Pentagon*, No. 1:21-cv-00680 (E.D. Va. July 14, 2022) (complaint dismissed when Defendant served complaint but failed to include a summons from the Clerk of Court). Accordingly, the Complaint should be dismissed on this basis alone.

## II. Plaintiffs Fail to State a Claim Against Which Relief May Be Granted

Defendant also moves to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). To survive dismissal under this Rule, Plaintiff must "state a claim that is plausible on its face.'" *Goldfarb v. Mayor and City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 556). While all facts alleged in the complaint are assumed to be true for purposes of evaluating a 12(b)(6) motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. And while courts liberally construe a *pro se* litigant's complaint, they must not "discern the unexpressed intent of the plaintiff or [] conjure up issues on the plaintiff's behalf." *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Here, Plaintiffs fail to state a claim that is plausible on its face. To be clear, Plaintiffs fail to make a single allegation against Defendant, other than to say that "all Defendants lied" and fail even to mention Lima Capital by name, other than to list the name of the company as a defendant. Even if read with the most liberal interpretation, the Complaint is devoid of any allegations about what any of the Defendants lied about, let alone what part Defendant Lima One played in Plaintiffs' harm. Indeed, Plaintiffs' failure to make a single allegation against Defendant is reason enough to dismiss the Complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Turner v. Cuccinelli*, 3:11CV181, 2012 WL 6540485 at *2 (E.D. Va. Dec. 13, 2012) (*quoting Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

Furthermore, it is unclear what harm is alleged. The Complaint merely states "for unbearable tolerance of separating a mother and son" and for "using our son (Walid Khalil Ramani) to make money" while noting in the caption that Mr. Khalil is being "held hostage" and stating that he is in a nursing home. Given the confusing nature of the complaint, and the fact

4

that Plaintiffs do not point to any evidence to support their claims – indeed, they do not even describe the alleged conduct of Defendant Lima One or indeed, any of the defendants – Plaintiffs fail to state a claim that is plausible on its face and thus, their Complaint should be dismissed.

### III. The Court Lacks Subject Matter Jurisdiction

Finally, even though Plaintiffs failed to serve the Complaint properly and failed to state a claim upon which relief may be granted, both of which are independent reasons to dismiss the instant Complaint, Defendant also moves to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Plaintiffs invoke Federal question jurisdiction on the basis of several Federal criminal statutes, the First Amendment, the Federal Sentencing Guidelines, and a "Law No. 44 & Article 6" (Compl. ¶ II.A). Yet, simply listing statutes and laws is insufficient to obtain proper jurisdiction, particularly because Plaintiffs have the burden of proving that subject matter jurisdiction exists. *See, e.g.*, *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Indeed, courts cannot reach the merits of a case until first determining if they have jurisdiction over the claim. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). And as the U.S. Supreme Court has noted, "[i]n a long and venerable line of cases, this Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit." *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 1007-1008 (1998).

A complaint may be dismissed based on lack of subject matter jurisdiction where, as here, it is so "insubstantial" that no federal question suitable for decision can be discerned under Fed. R. Civ. P. 12(b)(1). *See Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). See also *Bell v. Hood*, 327 U.S. 678, 682–83 (1946) ("the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where

such a claim is wholly insubstantial and frivolous."). And courts have concluded that "patently insubstantial" claims are those that are "essentially fictitious" and "absolutely devoid of merit," including "bizarre conspiracy theories[.]" *Best*, 39 F.3d at 330–31 (internal citations omitted).

Here, Plaintiffs claim that Plaintiff Walid Rahmani is being "held hostage" in a nursing home and demand his release. In support, they have listed a litany of statutes and laws, and since it is entirely unclear what this lawsuit is about, it is, by extension, unclear the applicability of the listed statutes. On their face, however, Plaintiffs cite to criminal statutes, sentencing guidelines and Constitutional amendments that do not give rise to a private cause of action. For example, Plaintiffs cite 18 U.S.C. § 371 and 18 U.S.C. § 1001 as bases for Federal question jurisdiction (Compl. ¶ II.A). Yet, these are criminal statutes and as such have no place in a civil action where there is no private right of action absent "clear Congressional intent" to provide a civil remedy. *See Tribble v. Reedy*, 888 F.2d 1387 at *1 (4th Cir. 1989) (unpublished) (citing *Shaw v. Neece*, 727 F.2d 947 (10th Cir.)). And to be clear, there are no facts alleging a conspiracy at all.

Plaintiffs also cite USSG §3C1.1, which are sentencing guidelines. Again, in a civil matter, there is no basis for citing to a directive to sentencers to increase the offense level if a criminal defendant obstructed or attempted to obstruct the investigation for which the defendant is being sentenced. And "human right Law no. 44 Article 6" (Compl. ¶¶ II.A, III) does not appear to be an actual law. Finally, with respect to the First Amendment, it does not, as cited, provide a private right of action. *See GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1253 (11th Cir. 2012). Accordingly, this Court lacks subject matter jurisdiction and should grant Defendant Lima One Capital, LLC's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, Defendant Lima One Capital, LLC respectfully requests that the Complaint filed by Plaintiffs be dismissed under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6).

Dated: May 25, 2023                                                              Respectfully Submitted,

**POTOMAC LAW GROUP, PLLC**

  /s/ 
Susan M. Sajadi
(VA Bar No. 85332)
1300 Pennsylvania Ave. NW, Suite 700
Washington DC 20004
(917) 238-0990
ssajadi@potomaclaw.com

*Attorney for Defendant Lima One Capital, LLC*


## **CERTIFICATE OF SERVICE**

I certify that on this 25th day of May, 2023, I filed the foregoing Memorandum in Support of Defendant Lima One Capital, LLC's Motion to Dismiss on the Court's CM/ECF system which will serve a copy of this pleading on all parties entitled thereto.

                                     /s/
                                     Susan M. Sajadi
                                     (VA Bar No. 85332)
                                     1300 Pennsylvania Ave. NW, Suite 700
                                     Washington DC 20004
                                     (917) 238-0990
                                     ssajadi@potomaclaw.com

                                     *Attorney for Defendant Lima One Capital, LLC*